IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-cv-20251-JLK

MARIPOSA CONDOMINIUM, INC.,

    Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,
a foreign corporation

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR REMAND

THIS CAUSE comes before the Court upon Plaintiff's Motion for Remand (DE #6), filed February 22, 2011.[1] Therein, Plaintiff claims that removal of its state-court claim to federal court was improper because its initial Complaint does not plead the necessary amount-in-controversy, and because Defendant cannot conclusively satisfy the monetary pleading requirements for diversity jurisdiction under 28 U.S.C. § 1332. There is no dispute as to the diversity of the parties, but only as to the amount-in-controversy.[2]

In support of its Notice of Removal (DE #1), Defendant stated that there was at least $75,000 in controversy between the parties. While Defendant admits that no such figure was pleaded by Plaintiff, nonetheless it states that this amount is clearly demonstrated by information provided by Plaintiff to Defendant. According to an estimate provided by Plaintiff to Defendant after suit was filed, a public adjuster estimated Plaintiff's damages at $106,916.19 as of

---

[1] The Court notes that Plaintiff apparently filed its Motion for Remand in lieu of responding to Defendant's outstanding Motion to Dismiss (DE #5).

[2] Indeed, Defendant filed a Response (DE #8) on March 8, 2011 to Plaintiff's Motion for Remand. The matter is therefore ripe for determination.

December 19, 2010. Plaintiff argues that consideration of the public adjuster's estimate, which was voluntarily provided by Plaintiff to Defendant, should not be relied upon as a basis for determining amount-in-controversy because it "is simply a preliminary breakdown of the damages ascertained by one person on behalf of [Plaintiff]. (DE #6 at 2). Moreover, according to Plaintiff, this estimate "does not by any means conclusively establish" the amount-in-controversy.

However, as has been noted numerous times by courts within the Eleventh Circuit, the amount-in-controversy need not be "conclusively established" to justify removal to federal court. Instead, the removing party must merely have a good-faith basis that the $75,000-requireement is satisfied. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208, 1210 (11th Cir. 2007). Here, where Plaintiff itself provided Defendant with an estimate as to Plaintiff's damages (DE #6 at 2), it would appear that Defendant had a good-faith basis for removal.

Accordingly, being fully advised and having considered the parties' legal briefs, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Plaintiff's Motion for Remand (DE # 6) be, and the same is, hereby **DENIED.**
2. Plaintiff shall **FILE** a response to Defendant's Motion to Dismiss (DE #5) within **ten days** of the date of this Order.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 10th day of March, 2011.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc:

**Counsel for Plaintiff**

2

**Aylin Morales**
Gonzalez & Associates
5999 Biscayne Boulevard
Miami, FL 33137
305-428-0011
Fax: 305-428-0012
Email: aylin@gonzalezlegal.com

**Counsel for Defendant**
**Stephanie H. Luongo**
Powers McNalis & Torres
PO Box 21289
West Palm Beach, FL 33416-1289
561-588-3000
Fax: 588-3705
Email: sluongo@powersmcnalis.com

**Karen Jessica Jerome Smith**
Powers McNalis Torres & Teebagy
P.O. Box 21289
West Palm Beach, FL 33416-1289
5615883000
Fax: 5615883705
Email: kjeromesmith@powersmcnalis.com